LEVERETT BRADLEY *vs.* JACOB C. REA & another.

If a bargain is made on the Lord's day for the sale of goods, which are accordingly delivered and accepted by the purchaser on Monday, the vendor may maintain an action to recover the value of the goods, upon an implied assumpsit; but the price fixed on the Lord's day will not be binding on either party, nor will the vendor be bound by any warranty made on that day.

If certain animals in a drove are sold under a warranty that all the animals in the drove are free from contagious or infectious diseases, the purchaser may recoup in damages, in an action for the price, the whole loss occasioned to him by the presence of the disease in the drove at that time, although some of the animals purchased by him did not take the infection till afterwards.

CONTRACT brought to recover the price of fifteen pigs, sold by the plaintiff to the defendants by weight. The answer set forth that the plaintiff warranted and represented the pigs to be sound. and free from disease, and thereby induced the defendants to buy them ; whereas in fact the pigs were unsound and diseased and of no value ; and the plaintiff made these representations fraudulently, with intent to cheat the defendants ; and the only sale made of the pigs was made on the Lord's day, in violation of the statutes.

At the trial in the superior court, before *Morton*, J., the defendants offered evidence tending to prove that on the Saturday preceding the sale they met the plaintiff with a drove of pigs, and purchased one pig, and the plaintiff then informed them where he would be with his drove on Sunday morning, and requested them to call upon him there with a view of purchasing others; that they accordingly called, selected fifteen pigs, agreed upon a price by the pound for them, and had the pigs marked ; that the plaintiff agreed to have them weighed and sent to the defendants the next morning, which was done.

The defendants also offered evidence tending to prove the warranty and representations set up in the answer, and that the plaintiff stated that the pigs were sound and the best lot of pigs he had ever had; and that some of the pigs showed signs of disease on said Saturday or Sunday, and some of the fifteen pigs purchased showed signs of disease on Monday evening, when brought to the defendants, and within a short time all were sick and all but two died.

The defendants requested the court to instruct the jury tha⁺ if the plaintiff warranted all of said pigs to be sound and free from disease, and if at the time of the warranty any of them were diseased, and by reason thereof the others received the disease and became worthless without any default of the defendants, then the defendants were not liable to pay for the pigs so become worthless.

The judge instructed the jury that if they should find deceit or a breach of warranty as to any of said pigs, they must deduct from the plaintiff's claim the damage caused to the defendants by such deceit or breach of warranty, but that the question was only as to the condition of the pigs at the time of the sale, and that they could only recoup damages for such of them as were not what they were warranted or represented to be at the time of the sale ; and that though the pigs were selected and marked on Sunday, and the price to be paid for them fixed on Sunday, yet if the pigs were to be weighed and delivered on Monday, and were so weighed and delivered, the contract of sale would not be void.

Certain other questions were raised, which are now immaterial.

The jury returned a verdict for the plaintiff, for $250 ; and the defendants alleged exceptions.

*.D. Saunders, Jr.*, for the defendants. This sale was complete, as between the parties, on Sunday, although the pigs were to be weighed and delivered afterwards ; and so was void, and the plaintiff can maintain no action for the price. *Riddle* **v.** *Varnum*, 20 Pick. 280. *Brewer* v. *Salisbury*, 9 Barb. 514. *Leonard* v. *Winston*, 2 Grant (Penn.) 139. *Webber* v. *Davis*,

44 Maine, 147. *Felton* v. *Fuller*, 9 Fost. (N. H.) 121. *Page* v. *Carpenter*, 10 N. H. 77. The instruction requested should have been given.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the plaintiff. The contract of sale was not completed on Sunday, because the pigs were not weighed or delivered till Monday; and was not therefore in violation of the statutes for the observance of the Lord's day. *Tuckerman* v. *Hinkley*, 9 Allen, 452. *Adams* v. *Gay*, 19 Verm. 358. *Lovejoy* v. *Whipple*, 18 Verm. 379. The alleged warranty applied only to the condition of the pigs at the time of the sale. The court was correct in refusing to allow the defendants to recoup in damages a loss sustained by disease communicated to any of the pigs after the sale. The loss was too remote.

HOAR, J. The court are of opinion that one of the instructions given to the jury, although capable of a construction consistent with the rules of law, might also be understood in a sense which would be wholly erroneous; and we fear that it was applied and acted upon throughout the trial in that sense which tended to a wrong conclusion.

The instruction was " that though the pigs were selected and marked on Sunday, and the price to be paid for them fixed on Sunday, yet if the pigs were to be weighed and delivered on Monday, and were so weighed and delivered, the contract of sale would not be void." This was right, if it conveyed the idea that the contract made by the delivery on Monday would not be void. But if the jury understood it to mean that the whole contract, including the agreement made on Sunday, would become valid and operative in law by reason of the weighing and delivery on Monday, they would be led to a wrong result. The recent cases of *Day* v. *McAllister*, 15 Gray, 433, and *Ladd* v. *Rogers*, 11 Allen, 209, are decisive upon the point. In those cases it was held that a contract which is illegal because made on the Lord's day is wholly nugatory and void, and incapable of ratification; and that the rights of the parties depend exclusively upon their agreements on the day when it is lawful for them to perform secular business If all

that took place on Monday, therefore, was the weighing and delivery of the pigs by the plaintiff, and the acceptance of them by the defendants, the price fixed on Sunday would not be binding upon either party, nor could the defendants avail themselves of any warranty which was made on Sunday. The plaintiff could only recover upon an implied assumpsit for a *quantum valebant.*

Upon the ground that the instructions of the court were ambiguous, and not so clear and full as the case required, and that the jury were likely to be misled by them, we think the exceptions must be sustained, and a new trial granted.

On another trial, the view which we take of the case may render the other exceptions taken immaterial. But as some of the same questions may arise in substance, if not in form, and thev have been argued by counsel, it is proper to decide them.

If the breach of warranty or fraudulent misrepresentation on which the defendants rely relates to the existence of a conta· gious or infectious disease in any of the pigs sold, the evidence offered that other pigs in the same drove had the disease, and that the plaintiff knew it, would be competent. It would obviously be admissible to show, upon the question of how much the pigs sold were reasonably worth at the time of the sale, that they came from a drove in which they had been exposed to the disease; as this would affect their market value. And if they were sold in one lot, the value of the whole lot when sold would be the subject of inquiry, and they might be found to be collectively of no value, or of very little value, from their liability to communicate the infection, though some of them may not have died from the disease.

It has been held in a recent English case that, in an action for fraudulently misrepresenting that a cow sold to the plaintiff was free from infectious disease, if the plaintiff placed the cow with others which thereby caught the disease and died, he can recover as damages the value of all the cows. *Mullet v. Mason,* Law Rep. 1 C. P. 559. The nature of the subject matter of the warranty or deceit is such, that when animals are sold in one lot together, the warranty or representation as to the whole

being single, we can have no doubt that the same **principle** should apply to the extent of a recoupment; and that the right to recoup in damages should not be confined to the diminished value of those which are proved to have the disease at the time of the sale. In determining the damages caused to the defendants by the breach of warranty or deceit, the defendants were therefore entitled to have the jury consider in recoupment of damages the whole loss to them occasioned by the presence of the disease among the animals purchased, as well among those which took the infection after the sale as those which had it when the sale was made. *Exceptions sustained.*